**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**CHARLES EDWARD BAGBY,**

Petitioner,

v. Civil Action No. **3:13CV470**

**LARRY T. EDMUNDS, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

Charles Edward Bagby, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of Middlesex County ("Circuit Court"). In his § 2254 Petition, Bagby argues entitlement to relief based upon the following grounds:

Claim (a): Counsel rendered ineffective assistance by sleeping through a critical stage of trial.

Claim (b): Bagby's conviction for animate object sexual penetration violated the Fourth,[1] Fifth,[2] Sixth,[3] and Fourteenth Amendments "following the Court's clear and unambigious finding that one of the necessary elements of that offense had not been proven." (§ 2254 Pet. 6, ECF No. 5–1.)

---

[1] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

U.S. Const. amend. IV.

[2] Because Bagby is a state inmate, the Fourteenth Amendment Due Process clause applies instead of the Fifth Amendment. The Fourteenth Amendment states in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[3] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Claim (c): Counsel rendered ineffective assistance when he failed to challenge Bagby's conviction for animate object sexual penetration "despite the Court's clear and unambigious finding that one of the necessary elements of that offense had not been proven." (*Id.*)

Claim (d): Counsel rendered ineffective assistance when he failed to take any action in response to the Court's direction "that the parties and the Court 'review for the record' [Bagby's] numerous convictions, for the express purpose of 'paring [the convictions] down.'" (*Id.* (alterations in original).)

Claim (e): Appellate counsel rendered ineffective assistance when he "failed to appeal [Bagby's] conviction for animate object sexual penetration, based upon the Court's clear and unambigious finding that one of the necessary elements of that offense had not been proven." (*Id.* at 7.)

Claim (f): Counsel rendered ineffective assistance because he failed to preserve the for appeal Bagby's "claim that the evidence was insufficient to find [Bagby] guilty of one count of animate object sexual penetration, where there was a reasonable doubt whether [Bagby] actually penetrated the complaining witness." (*Id.*)

Claim (g) Counsel rendered ineffective assistance "throughout his trial, sentencing and appeal." (*Id.*)

Respondent[4] moves to dismiss the § 2254 Petition. Bagby has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Bagby of one count of animate object sexual penetration and twenty-nine counts of taking indecent liberties with a child by a person in a custodial or supervisory relationship (sexual abuse) and sentenced Bagby to an active sentence of twenty years of imprisonment. *See Bagby v. Commonwealth*, No. 0607–09–2, at 1

[4] The Attorney General of Virginia only responded on behalf of Larry T. Edmunds, Warden of the Buckingham Correctional Center not Patrick Gurney, the Acting Warden of Haynesville Correctional Center. Because Bagby is currently housed in the Haynesville Correctional Center the proper party Respondent would be the warden of that facility. Nevertheless, because Bagby's claims lack merit, as discussed below, no need exists to correct the docket.

(Va. Ct. App. Sept. 9, 2009); (Feb. 4, 2009 Tr. 19–20). Bagby appealed, and the Court of Appeals of Virginia denied the petition for appeal. *Bagby*, No. 0606–09–2, at 1. The Supreme Court of Virginia refused Bagby's subsequent petition for appeal. *Bagby v. Commonwealth*, No. 092295, at 1 (Va. Apr. 28, 2010).

Bagby, by counsel, filed a petition for a writ of habeas corpus in the Circuit Court raising each claim in the instant § 2254 Petition. *See Bagby v. Edmonds*, No. CL11000046–00, at 3–4 (Va. Cir. Ct. Sept. 10, 2012). After hearing argument from counsel, the Circuit Court found that Bagby had defaulted Claim (b) under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), and failed to demonstrate ineffective assistance of trial or appellate counsel, and dismissed his petition. *Bagby*, No. CL11000046–00, at 4–21. Bagby appealed. The Supreme Court refused his petition for appeal. *Bagby v. Edmonds*, No. 122045, at 1 (Va. July 2, 2013).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the

remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*,

501 U.S. at 735 n.1).[5] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, the Circuit Court found Bagby procedurally defaulted Claim (b) pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) because Bagby could have raised, but failed to raise, this claim at trial and on direct appeal. *Bagby v. Edmonds*, No. CL11000046–00, at 5 (Va. Cir. Ct. Sept. 10, 2012) (citation omitted). *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Bagby has procedurally defaulted Claim (b) unless he demonstrates cause and prejudice to excuse his default or his actual innocence. Bagby suggests that he is actually innocent of the animate object sexual penetration count because he used no force and no evidence existed that he penetrated the victim. (§ 2254 Pet. 10–17.) Bagby also contends that ineffective assistance of counsel serves as the cause for the default of his claim. (*Id.* at 17.) As discussed below in Claims (c) and (f), neither argument is availing. Thus, Claim (b) is defaulted and will be DISMISSED.

## III. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus.

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylo*r, 529 U.S. 362, 410 (2000)).[6]

## IV. EVIDENCE OF BAGBY'S GUILT

Several of Bagby's claims stem from Bagby's belief that insufficient evidence existed to convict him of animate object sexual penetration. Bagby argues that, because the Circuit Court dismissed the rape charges based upon a finding that the intercourse did not occur against the victim's will by threat, force, or intimidation, based on the same logic, the Circuit Court could not find him guilty of animate object sexual penetration. In order to understand the factual basis behind these claims, the Court finds it necessary to summarize the evidence leading up to and in support of the animate object sexual penetration conviction.

The victim, Bagby's niece, testified that in 2005, she was experiencing problems with her stepfather and Bagby offered for her to move into Bagby's home. (Nov. 19, 2008 Tr. 86–87.)

---

[6] In light of the foregoing statutory structure, the findings of the Virginia courts figure prominently in this Court's opinion.

The victim lived with Bagby and his wife in their home during portions of 2005 and 2006. (Nov. 19, 2008 Tr. 18–19, 86–87.) On August 25, 2005, when the victim was sixteen and lived with Bagby, Bagby first asked her to have sexual intercourse with him. (Nov. 19, 2008 Tr. 19–20.) Bagby attempted to pull down her pants. (Nov. 19, 2008 Tr. 20–21, 85–86.) The victim tried to stop Bagby because he "was being too aggressive," but Bagby pushed her into his bedroom and lifted her onto the bed. (Nov. 19, 2008 Tr. 21–22.) Bagby inserted his penis into her vagina and "kept going" even though she yelled for him to stop. (Nov. 19, 2008 Tr. 22–23.)

Over the next several months, when Bagby was the only supervisory or custodial adult, Bagby repeatedly engaged in either sexual intercourse or other sexual acts with the victim, even after she asked him to stop. (Nov. 19, 2008 Tr. 24–40.) The victim learned that she was pregnant in December 2005 and had an abortion on January 6, 2006. (Nov. 19, 2008 Tr. 40, 46.) The victim told her mother that she was pregnant "by another boy . . . . because [she] didn't want her to know it was by [her] uncle." (Nov. 19, 2008 Tr. 40–41.)

On January 14, 2006, while the victim watched television in the living room, Bagby walked into the room "stood in front of [her] and pulled out his [penis]." (Nov. 19, 2008 Tr. 44.) The victim's aunt was home and in the computer room. (Nov. 19, 2008 Tr. 47–48.) Bagby sat down in a chair and asked the victim to sit on top of him with her pants down. (Nov. 19, 2008 Tr. 44.) Bagby instructed the victim to unbutton her pants, and she complied "[b]ecause he told [her] to." (Nov. 19, 2008 Tr. 44.) Bagby had his pants "down to his ankles." (Nov. 19, 2008 Tr. 45.) Bagby "told [her] to sit on his [penis] and then "started fingering me." (Nov. 19, 2008 Tr. 45.) The victim told Bagby to stop because it hurt, but for fifteen seconds he continued, until she asked him to stop again, and "he finally stopped." (Nov. 19, 2008 Tr. 45.) The victim explained that she wanted Bagby to stop because she had just had an abortion. (Nov. 19, 2008 Tr. 46.)

The victim explained that her mother's and Bagby's house were right next to one another, but she never cried out for help during the sexual acts with Bagby because "she wasn't thinking at the time." (Nov. 19, 2008 Tr. 80.) The victim stated that she engaged in sexual acts with Bagby once or twice a week from August 2005 until February 28, 2007. (Nov. 19, 2008 Tr. 82–83.) The victim testified that Bagby told her not to tell her aunt, and she never told her aunt because she was afraid that Bagby would "[a]ttack me or my aunt." (Nov. 19, 2008 Tr. 88.) Bagby also told the victim not to tell because he "'really [didn't] want to go to jail.'" (Nov. 19, 2008 Tr. 89.) The victim's cousin, and Bagby's step-daughter, Latoya Kimble, after hearing rumors about the victim being impregnated by Bagby, and noticing a change in the victim's demeanor, finally asked the victim if Bagby had touched her. (Nov. 19, 2008 Tr. 90–92.) According to Ms. Kimble, the victim "broke down and started crying and disclosed" her sexual relations with Bagby. (Nov. 19, 2008 Tr. 92.)

When the police served the indictments and explained the charges to Bagby, for the indecent liberties charges, Bagby admitted that "'[he] did that but I didn't rape nobody.'" (Nov. 19, 2008 Tr. 110.) When the officer noted the animate object penetration charge, Bagby asked the officer what that charge meant. (Nov. 19, 2008 Tr. 111.) The officer explained: "'That would be inserting the fingers.'" (Nov. 19, 2008 Tr. 111.) Bagby stated "he did that also." (Nov. 19, 2008 Tr. 111.)

Bagby also testified during trial that he "didn't go after her. She kept coming over to the house." (Nov. 19, 2008 Tr. 134.) He testified that he and the victim "mess[ed] around" but he never "raped [her] or forced [her] to do something against [her] will." (Nov. 19, 2008 Tr. 130, 134.) Bagby stated that he never threatened the victim or forced himself on her, but the "young lady kept offering herself to me and I fell for the bait. That's all I did wrong. I know she was

16, 17 . . . ." (Nov. 19, 2008 Tr. 138.) Bagby also explicitly described his attempts to penetrate the victim with his penis "but it would bend and fold in the middle . . . . and it would stop working and go right back down." (Nov. 19, 2008 Tr. 143–46.) Bagby was approximately forty-six years old at the time of the sexual acts with the victim. (Nov. 19, 2008 Tr. 139.)

## V. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim (a), Bagby argues that his counsel, Flippo Hicks, slept through a critical portion of his trial. Bagby contends that Hicks, then eighty years old, and in a wheelchair, appeared disheveled and was accompanied by his nephew, Mr. Thomas, an attorney who stated that he had no involvement with the criminal matter until that day. (§ 2254 Pet. 3 (citing Nov. 19, 2008 Tr. 9–11).) Bagby alleges that during the Commonwealth's questioning of the victim, Bagby

noticed that his attorney was sleeping. (§ 2254 Pet. 8.) In support of his claim, Bagby cites the following exchange from the trial transcript:

> Commonwealth's Attorney: Judge, I think we need a recess for Mr. Hicks.
> The Court: Okay.
> Mr. Hick's: I'm fine.
> The Court: Do you want a recess?
> The Sheriff: Five minutes, Your Honor. I'll take her [the witness] out.
> The Court: All right.
> (Brief recess.)

(Nov. 19, 2008 Tr. 68–69.)

Bagby raised this claim before the Court of Appeals of Virginia and the Court found that, based on this exact exchange, "the record does not reflect that defense counsel fell asleep and provides no explanation for the brief recess. The record simply does not support appellant's allegation." *Bagby v. Commonwealth*, No. 0606–09–2, at 2 (Va. Ct. App. Sept. 9, 2009). Bagby also raised this claim in his state habeas petition, and in rejecting the claim, the Circuit Court found:

> The Court finds petitioner has failed to satisfy either prong of the *Strickland* test for ineffective assistance of counsel.
>
> At the threshold, petitioner has failed to offer any evidence that counsel slept through any portion of his trial; he points to no place in the record to support such allegation. Moreover, he fails to even identify the period at his trial where counsel allegedly slept.
>
> Thus, this Court finds petitioner has failed to provide adequate facts to support this claim in habeas corpus and therefore cannot prove either deficient performance or prejudice. *See Muhammad v. Warden*, 274 Va. 3, 19, 646 S.E.2d 182, 193 (2007) (dismissing claim where petitioner failed to identify with specificity factual basis to support claim). *See also Hedrick v. Warden*, 264 Va. 486, 521, 570 S.E.2d 847, 862 (2002) (finding habeas petitioner had not established deficient performance or prejudice because he failed to provide any evidence to support claim). Code § 8.01-654 (B) (2) provides that "habeas petitions shall contain all allegations the facts of which are known to petitioner at the time of filing." Code § 8.01–655 specifies that petitioners must "state the grounds which make your detention unlawful including the *facts on which you intend to* rely." (emphasis added). Thus, unlike "regular" civil cases, "notice pleading" is not sufficient in a habeas corpus action. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Blackledge v. Allison*, 431 U.S. 63, 76 n.7 (1977) (both citing to

> federal rule, similar to Code § 8.01–654 (B) (2), that "facts" be included in habeas pleadings).
>
> Moreover, counsel's falling asleep during trial is not per se ineffectiveness. Unless petitioner demonstrates that counsel slept through a "substantial portion" of petitioner's trial, he must still demonstrate that counsel's actions prejudiced him. *See Muniz v. Smith*, 647 F.3d 619 (6th Cir. 2011) (upholding state court ruling that counsel was not ineffective where a juror testified that he noticed counsel asleep during a brief portion of the state's cross-examination of his client). In order to prove prejudice petitioner would have to show that counsel's inattentiveness occurred during a "critical stage" of his trial so as to cause a "complete denial of counsel." *Id.* (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)).
>
> The Court further finds the record, including the affidavit of Michael T. Hurd, the Commonwealth's Attorney for Middlesex County, does not support petitioner's claim. Hurd noticed that Mr. Hicks' eyes were closed at one point while the Commonwealth was attempting to locate the relevant portions of petitioner's recorded statement to police. Mr. Hurd explained that the either the bailiff or the witness had difficulty "getting [the equipment] to fast-forward, so the recording had to play through approximately 11 minutes of general talk." *Id.* Hurd characterized the information contained in that 11 minutes as "completely irrelevant and nonhelpful to the case." Further, Mr. Hicks immediately responded when Mr. Hurd spoke to him and appeared alert through the playing of the recorded statement. *Id.*
>
> Petitioner has failed to specify how counsel's actions prejudiced him. He has not alleged what actions or omissions on the part of counsel during this period of time that could have conceivably affected the outcome of his trial.

*Bagby v. Edmonds*, No. CL11000046–00, at 6–9 (Va. Cir. Ct. Sept. 10, 2012). The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). In response to the Motion to Dismiss, Bagby submits his own affidavit, executed, and sworn to under penalty of perjury on February 19, 2014. (Br. Answer Mot. Dismiss Ex. A.) Bagby submitted no affidavit to the state habeas court. In the affidavit, Bagby swears that he

> looked to [his] right and noticed Mr. Hicks was asleep and that his pants were down to his knees. Mr. Hicks' eyes were closed and his head was resting on his right hand, with the elbow resting on the arm of the chair. I then informed Mr. Thomas that Mr. Hick[s'] pants were down. At that point Mr. Hurd called for a recess for my attorney. The judge asked Mr. Hicks, "Do you need a recess?" Then I got up from my chair and went behind Mr. Hicks and pulled his pants back up, then returned to my chair . . . .

(*Id.* at 1.) In response to Bagby's claim, Mr. Hurd averred that he never observed Mr. Hick's pants falling to his knees, however, at one point, during the victim's testimony, the bailiff informed Mr. Hurd that they may need to recess because Mr. Hick's pants had come unfastened and had slipped below his waist, but not to his knees. (Br. Answer Mot. Dismiss Ex. B ("Hurd Aff.") ¶ 7). Mr. Hurd averred that Mr. Hicks stated that he was fine and made a joke to him about his pants slipping down, and had clearly been paying attention to the victim's testimony. (*Id.*) Bagby offers no evidence that Mr. Hicks fell asleep other than his own statement that he observed Mr. Hick's with his eyes closed. Bagby fails to establish deficiency of counsel based solely on this allegation. *See Ashley v. United States*, No. 4:10cr88, 2014 WL 2039980, at *9 (E.D. Va. May 16, 2014).

Even if a dispute of fact exists whether Mr. Hicks fell asleep at this point of the trial, Bagby fails to state a claim of ineffective assistance of counsel because he establishes no prejudice from counsel's actions. While prejudice may be presumed if credible evidence exists that "counsel sle[pt] through a 'substantial portion of [defendant's] trial,'" *Muniz*, 647 F.3d at 623 (second alteration in original) (citations omitted); *see Burdine v. Johnson*, 262 F.3d 336, 338 (5th Cir. 2001), Bagby fails to allege repeated sleeping or sleeping during a substantial portion of the trial. *See Muniz*, 647 F.3d at 623. At most, he claims that at one point during trial, he observed counsel with his eyes shut and pants in disarray. The Circuit Court immediately asked if counsel needed a recess. Counsel stated that he was fine. Thus, Bagby demonstrates no inherent prejudice.

In support of his claim that counsel's actions prejudiced him, Bagby points to Mr. Hick's cross-examination of the victim where he asked her about her miscarriage when instead she testified that she had an abortion. Bagby contends that Mr. Hick's failure to "recall recent

events in the trial with accuracy illustrates his counsel's ineffectiveness . . . ." (Br. Answer Mot. Dismiss 6, ECF No. 12.) Despite counsel's misstatement, Bagby fails to demonstrate that, but for counsel's alleged sleeping during an isolated portion of the victim's testimony, the outcome of the trial would have been different. The victim provided detailed information about each instance of indecent liberties with a minor and animate object sexual penetration. Bagby admitted to the police and during trial that he engaged in these acts with the victim. In light of the isolated instance of counsel allegedly sleeping, coupled with Bagby's admission of guilt, he fails to demonstrate any prejudice from counsel's actions. Claim (a) will be DISMISSED.

In Claims (c), Bagby argues that counsel rendered ineffective assistance because he failed to challenge Bagby's conviction for animate object sexual penetration[7] despite "the Court's clear and unambigious finding that one of the necessary elements of that offense had not been proven." (§ 2254 Pet. 6.) In rejecting this claim, the Circuit Court found:

> The Court finds petitioner has failed to satisfy either prong of the *Strickland* test of ineffective assistance of counsel regarding claim (c) . . . .
>
> Although petitioner does not specify to which of the Court's statements he refers, or which element was not "proven," a review of the record demonstrates that the Court found the petitioner guilty of animate object sexual penetration and

---

[7] The relevant statute for that offense provided, in pertinent part:

> A. An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora . . . of a complaining witness, whether or not his or her spouse, other than for a bona fide medical purpose, or causes such complaining witness to so penetrate his or her own body with an object or causes a complaining witness, whether or not his or her spouse, to engage in such acts with any other person or to penetrate, or to be penetrated by, an animal, and
>
> . . . .
>
> 2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness.

Va. Code Ann. § 18.2–67.2 (West 2005).

> did not make a "clear and unambiguous" finding on the record that one of the elements had not been proven.
>
> The Court specifically sentenced Bagby to an active 20 year sentence on the animate object penetration conviction, while imposing only suspended time on the indecent liberties counts. Thus, the record demonstrates that the Court [was] aware that it had convicted petitioner of animate object penetration and clearly meant to impose such a sentence.
>
> Finally, although the Court found the evidence lacking to prove force threat or intimidation on the rape charge, it made no such finding on the charge of animate object penetration.

*Bagby*, No. CL11000046–00, at 9–10. The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Bagby suggests that, because the Court found insufficient evidence existed that he had sexual intercourse with the victim by force, threat, or intimidation for the five rape charges, he cannot be guilty of animate object sexual penetration which also has a requirement of force, threat, or intimidation. (§ 2254 Pet. 15.) Contrary to Bagby's assertion, the Circuit Court made no finding that insufficient evidence existed that he penetrated the victim against her will with force or intimidation for the animate object sexual penetration count. Thus, he fails to demonstrate any deficiency of counsel for failing to raise this meritless challenge.

Moreover, sufficient evidence existed that he sexually penetrated the victim through intimidation. "Intimidation requires putting a victim in fear of bodily harm by exercising such domination and control of [her] as to overcome [her] mind and overbear [her] will. Intimidation may be caused by the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to such pressure." *Sabol v. Commonwealth*, 553 S.E.2d 533, 537 (Va. 2001) (citation omitted) (internal quotation marks omitted). "[P]roof that the victim feared some type of bodily harm other than the harm inherent in the sexual assault" is not required. *Commonwealth v. Bower*, 563 S.E.2d 736, 738 (Va. 2002). "Matters such as the victim's age, the relative size of the defendant and victim, [and] the familial relationship between the

defendant and victim" are relevant matters for the fact finder to consider when determining whether the victim was intimidated. *Id.*

Bagby supervised the victim and served as her custodian while in his home. The victim testified that Bagby invited her to move in to his home when she faced problems at home. Over the next two years, Bagby repeatedly confronted the victim and insisted that they engage in sexual acts even though she said no or asked him to stop. The evidence also demonstrates that on January 14, 2006, when Bagby inserted his fingers in her vagina, the victim twice insisted that Bagby stop penetrating her because it hurt and she had recently had an abortion, but Bagby refused to immediately stop. (Nov. 19, 2008 Tr. 45–46.) Thus, counsel reasonably eschewed challenging the animate object sexual penetration count based on a lack of force, threat, or intimidation. Any rational trier of fact could have found that Bagby penetrated her against her will by force or intimidation. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). Bagby demonstrates no deficiency of counsel or resulting prejudice and Claim (c) will be DISMISSED.

In Claim (f), Bagby faults counsel for failing to preserve for appeal Bagby's "claim that the evidence was insufficient to find [Bagby] guilty of one count of animate object sexual penetration, where there was a reasonable doubt whether [Bagby] actually penetrated the complaining witness." (§ 2254 Pet. 7.) In rejecting this claim, the Circuit Court explained:

> The Court finds the petitioner has failed to satisfy the prejudice prong of the test for ineffective assistance of counsel.
>
> When a claim is that counsel failed to preserve an issue for review then petitioner must demonstrate a reasonable probability that such a claim would have been successful on appeal. The standard of review on appeal for a sufficiency claim is whether the trial court's determination is clearly wrong or without evidence to support it. *See Viney v. Commonwealth*, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005). Under this standard, "a reviewing court does not 'ask itself whether ***it*** believes the evidence at the trial establishes guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979) (emphasis in original and citation omitted). Rather, the relevant question is whether "***any*** rational trier

> of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original).
>
> The Court finds the evidence was sufficient to prove penetration. The victim testified that petitioner "started fingering me" and that his "fingers went inside my pussy." [ ]She later testified that "his fingers went into my vagina." When the police told Bagby while going over the indictments that object sexual penetration would be "inserting his fingers," he responded that "he did that also."
>
> Thus, petitioner has failed to prove Strickland prejudice[.]

*Bagby*, No. CL11000046–00, at 14–15 (emphasis in original). The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Counsel reasonably eschewed challenging the conviction for animate object sexual penetration in light of the evidence of his guilt and his own admission that he inserted his fingers in her vagina. Because Bagby demonstrates neither deficiency of counsel nor resulting prejudice, Claim (f) will be DISMISSED.

In Claim (e), Bagby argues that appellate counsel rendered ineffective assistance when he "failed to appeal [Bagby's] conviction for animate object sexual penetration, based on the Court's clear and unambigious finding that one of the necessary elements of that offense had not been proven." (§ 2254 Pet. 7.) Bagby again advances his argument that the Circuit Court's finding that insufficient evidence existed that he engaged in sexual intercourse with the victim against her will through force, threat, or intimidation, necessarily dictates that no evidence existed of force, threat, or intimidation for the animate object sexual penetration conviction. (*Id.* at 19.) In rejecting this claim, the Circuit Court made the following findings:

> The Court finds that counsel['s] decision not to raise this issue was a reasonable tactical decision. Counsel's choice of which issues to raise on appeal is virtually unassailable in habeas corpus. *See Jones v. Barnes*, 463 U.S. 745 (1983) (counsel cannot be found ineffective for failing to raise every non-frivolous issue identified by a defendant); *Townes v. Commonwealth*, 234 Va. 307, 320, 362 S.E.2d 650, 657 (1987) (appellate counsel decides what questions should be raised on appeal). This is true because "appellate counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle." *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir.

> 2000). "The attorney need not advance every argument, ***regardless*** of merit, urged by the appellant and must play the role of an active advocate." *Fitzgerald v. Bass*, 6 Va. App. 38, 56, 366 S.E.2d 615, 625 (1988) (quoting *Evitts v. Lucey*, 469 U.S. 387, 394 (1985)) (emphasis added). In other words, counsel is not constitutionally obligated to raise every possible claim on appeal and a failure to do so does not render counsel's performance deficient.
>
> The Court further finds that because the trial court never found an element had not been proven, petitioner has failed to also prove *Strickland* prejudice.

*Bagby*, No. CL11000046–00, at 19–20 (emphasis in original). The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2).

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir.1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Bagby simply fails to demonstrate that the argument that insufficient evidence existed that he

penetrated the victim against her will using force, threat, or intimidation, is stronger than the arguments counsel chose to advance on appeal.[8] Claim (e) lacks merit and will be DISMISSED.

In Claim (d), Bagby contends that Counsel rendered ineffective assistance when he failed to take any action in response to the Circuit Court's direction "that the parties and the Court 'review for the record' [Bagby's] numerous convictions, for the express purpose of 'paring [the convictions] down.'" (§ 2254 Pet. 6 (second alteration in original).) Bagby argues that the Circuit Court's statement demonstrates that it "was not entirely certain of the verdicts pronounced against the petitioner" and counsel should have arranged for a conference among all parties. (*Id.* at 17.) In finding Claim (d) lacked merit, the Circuit Court explained:

> The Court finds that petitioner's claim is not supported by the record. The Court stated, "We might be paring this down later. We are going to need to review for the record—I don't want to do it now due to the lateness of the hour. The July 16, 2006 incident, I think I may have missed something." Taken in context, this statement simply indicated that the Court could not recall, without reviewing the record at that time, whether there was sufficient evidence to support the July 16, 2006 indecent liberties conviction.
>
> However, a review of the record demonstrates that the evidence was sufficient to support the July 16, 2006 indecent liberties conviction. The victim testified that petitioner texted her phone asked her to "come over because he wanted to have sex." Code §18.2–380.1 provides in pertinent part:
>
> > Any person 18 years of age or older who, . . . maintains a custodial or supervisory relationship over a child under the age of 18 and is not legally married to such child and such child is not emancipated who, with lascivious intent, knowingly and intentionally . . . (ii) proposes to such child the performance of an act of sexual intercourse . . . shall be guilty of a Class 6 felony.
>
> Thus, counsel was not ineffective for failing to revisit this issue because the record supported the conviction. Counsel is not ineffective for failing to make a futile motion. *Cf. Correll v. Commonwealth*, 232 Va. 454, 470, 352 S.E.2d 352, 361 (1987) (holding counsel had no duty to object to admission of presentence

---

[8] On appeal, counsel argued that: (1) the Circuit Court erred by not ordering a mistrial when counsel fell asleep during trial; (2) insufficient evidence existed to demonstrate that Bagby exercised a custodial or supervisory relationship with the victim to convict Bagby of the indecent liberties charges; and (3) insufficient evidence existed that Bagby penetrated the victim for the animate object sexual penetration charge. *Bagby v. Commonwealth*, No. 0606–09–2, at 1–3 (Va. Ct. App. Sept. 9, 2009).

> report because it was admissible); *see also Moody v. Polk*, 403 F.3d 141, 151 (4th Cir. 2005) (holding counsel not required to file frivolous motions).

*Bagby*, No. CL11000046–00, at 11–12 (omissions in original). Bagby fails to demonstrate the Circuit Court's conclusion is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d)(1)–(2). The record demonstrates that on July 16, 2006, Bagby proposed by text message that he and the victim have sex on that date. (Nov. 19, 2008 Tr. 64–66.) To the extent that Bagby suggests that the Circuit Court's statement somehow suggests that it wanted to re-review the animate object sexual penetration conviction he fails to direct the Court to any facts to support this contention. Bagby demonstrates no deficiency of counsel or resulting prejudice. Claim (d) lacks merit and will be DISMISSED.

In Claim (g), Bagby argues that, generally, counsel provided ineffective assistance "throughout his trial, sentencing and appeal." (§ 2254 Pet. 7.) In essence, Bagby argues that "the cumulative effect of [Bagby's] counsel's errors was absolutely devastating." (*Id.* at 21.) Bagby's attempt to demonstrate cumulative prejudice fails, as none of counsel's actions were constitutionally deficient. *Fisher v. Angelone*, 163 F.3d 835, 853 (4th Cir. 1998) ("[A]n attorney's acts or omissions 'that are not unconstitutional individually cannot be added together to create a constitutional violation.'" (quoting *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996))). Moreover, in light of the evidence of his guilt, Bagby fails to demonstrate that but for any purported error of counsel, the outcome of his trial would have been different. Claim (g) will be DISMISSED.

## VI. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 8) will be GRANTED. Bagby's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[9]

An appropriate Final Order shall issue.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 8/7/14
Richmond, Virginia

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Bagby fails to meet this standard.